**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **M.A., a minor, by and through her mother and natural guardian CHERILL ARCHER,** | : | |
| **Plaintiff,** | : | **Civil Action No.** |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **MONTE RESTAURANT, INC. d/b/a** | : | |
| **MAMMA MIA TRATTORIA,** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, M.A., a minor by and through her mother and natural guardian Cherill Archer (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Monte Restaurant, Inc. d/b/a Mamma Mia Trattoria (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is a minor individual residing in Langhorne, PA.

3. Upon information and belief, Monte Restaurant, Inc. d/b/a Mamma Mia Trattoria is an Italian Restaurant with a location at 584 Middletown Boulevard, Langhorne, PA 19047

and corporate headquarters located at 449 Schindler Drive, Yardley, PA 19067.

4. Defendant is an employer as defined by Title VII and the PHRA.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.   In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil

2

Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted her administrative remedies under Title VII and PHRA.

14. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment against Defendant.

15. The Charge was assigned a Charge Number 530-2025-09713 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated July 6, 2026. Plaintiff received the notice by electronic mail.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

19. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

3

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. On or about April 28, 2025, Defendant hired Plaintiff in the position of Counter Help/Hostess.

22. Plaintiff was well qualified for her position and performed well.

23. Importantly, Plaintiff is a minor and was 14 years old at the time of her employment with Defendant.

## AN ADULT MALE COWORKER EGREGIOUSLY SEXUALLY HARASSED PLAINTIFF

24. On August 20, 2025, Plaintiff reported to work for her scheduled shift.

25. Shortly afterwards, Eduardo Last Name Uknown ("LNU") (adult male), Pizza Maker, grabbed Plaintiff's arm, stated, "I love you baby girl" and bit her arm.

26. Plaintiff was shocked by Eduardo's conduct and wiped her arm and immediately moved away from him.

27. Eduardo then told Plaintiff that she smelled good and that her eyes were pretty.

28. Plaintiff attempted to ignore Eduardo.

29. Shortly afterwards, Eduardo approached Plaintiff from behind.

30. Eduardo began to massage Plaintiff's back, moving his hands towards her buttocks and then slid his hands towards her pelvic area with his hands resting at her hip bone.

31. Plaintiff moved away from Eduardo again.

32. Again, Eduardo approached Plaintiff from behind and began to massage her back, moved his hands towards her buttocks, up her back again and then back down and between her legs from behind.

33. Plaintiff was frozen in fear.

34. The phone rang and Plaintiff moved away from Eduardo to answer the phone.

## PLAINTIFF REPORTED EDUARDO'S SEXUAL HARASSMENT TO A FEMALE SERVER

35. Plaintiff then saw a female Server and asked to speak with her in the bathroom.

36. Plaintiff informed the female Server of Eduardo's egregious sexual harassment.

## PLAINTIFF CALLED HER MOTHER REGARDING THE SITUATION, WHILE THE FEMALE SERVER LEFT TO GET THE MANAGER

37. The female Server immediately went to Wilson Abad, Manager, and informed him of Eduardo's sexual harassment of Plaintiff.

38. While the female Server left to get Abad, Plaintiff proceeded to call her mother about the situation.

## PLAINTIFF INFORMED ABAD OF EDUARDO'S SEXUAL HARASSMENT, AND WHILE SHE DID SO, EDUARDO CONTINUED HIS SEXUAL HARASSMENT OF HER

39. Abad sat with Plaintiff on the chairs near the bathroom and asked her what had happened.

40. Plaintiff was crying and informed Abad of Eduardo's sexual harassment.

41. While she was doing so, Eduardo came over to the chairs by the bathroom and began to massage Plaintiff's shoulders again.

42. Eduardo asked Plaintiff if she was okay and Plaintiff told Eduardo "Go away" three (3) times.

43. Abad told Eduardo something in Spanish that Plaintiff could not understand and the word "Go" in English.

5

44. Eduardo proceeded to leave Defendant.

## PLAINTIFF'S MOTHER ARRIVED AT DEFENDANT

45. When Plaintiff's mother arrived at Defendant, Plaintiff informed her mother of the situation while Abad was present.

46. Plaintiff's mother then spoke with Abad about the situation.

## ABAD APPEARED TO BE AWARE OF MALE EMPLOYEES SEXUALLY HARASSING FEMALE EMPLOYEES AND ATTEMPTED TO ABSOLVE DEFENDANT OF RESPONSIBILITY

47. Abad stated, "I told these young girls not to go back in the kitchen area because you can't trust these guys," or words to that effect.

48. This appeared to Plaintiff and her mother that Abad was aware that male employees, including, but not limited to Eduardo had a history of sexually harassing female employees and was attempting to absolve Defendant of any responsibility.

49. Plaintiff complained that she was at the counter, where she was assigned to work, when the sexual harassment occurred.

50. Plaintiff's mother complained to Abad that he seemed concerned about Eduardo's conduct, but did not take any action to address it.

## PLAINTIFF FILED A POLICE REPORT

51. They proceeded to call the Middletown Township Police Department and filed a report.

## DEFENDANT'S OWNER CALLED PLAINTIFF'S MOTHER TO APOLOGIZE AND CLAIM RESPONSIBILITY

52. Later that night, Giuliano Capuano, Owner, called Plaintiff's mother and apologized for the incident and stated that he was responsible for the incident.

## PLAINTIFF'S MOTHER INFORMED CAPUANO THAT PLAINTIFF WOULD NOT BE RETURNING TO WORK AT DEFENDANT

53. On August 21, 2025, Plaintiff's mother informed Capuano that Plaintiff would not be returning to work at Defendant.

## PLAINTIFF'S MOTHER INFORMED CAPUANO THAT PLAINTIFF WOULD THINK ABOUT THE OFFER TO BE PLACED IN A DIFFERENT RESTAURANT

54. Capuano offered to place Plaintiff in another restaurant owned by Defendant.

55. She informed Capuano that Plaintiff would think about it.

## PLAINTIFF'S MOTHER SPOKE WITH A DETECTIVE AND WAS INFORMED THAT DEFENDANT DID NOT POSSESS SUBSTANTIAL INFORMATION ON EDUARDO

56. On August 25, 2025, Plaintiff's mother spoke with a Detective at the Middletown Township Police Department who informed her that Wilson had stated that there were no cameras at Defendant.

57. The Detective also informed her that Defendant did not have any information on Eduardo, besides his name and address, but his address did not include the required apartment number.

58. The Detective also stated that Eduardo was paid in cash and under the table.

59. There was no driver's license registered to him as well.

## PLAINTIFF WAS CONSTRUCTIVELY DISCHARGED

60. On or about August 26, 2025, Plaintiff submitted her resignation via text message to Capuano due to the sexual harassment that she was subjected to.

61. Plaintiff was constructively discharged.

7

**THE DETECTIVE POSTIVELY IDENTIFIED EDUARDO AND PLAINTIFF WAS INTERVIEWED BY THE NETWORK OF VICTIM ASSISTANCE**

62. On August 27, 2025, the Detective contacted Plaintiff's mother and informed her that they had positively identified Eduardo and that Plaintiff would need to be interviewed at the Bucks County Children's Advocacy Center ("CAC"), operated by the Network of Victim Assistance ("NOVA"), while the Detective and District Attorney listened in.

63. On August 28, 2025, the CAC Representative contacted Plaintiff's mother and scheduled an interview with Plaintiff for September 3, 2025.

64. Since Plaintiff's interview, the CAC Representative has conducted numerous check ins with Plaintiff's mother.

65. Defendant subjected Plaintiff to sexual harassment in violation of Title VII and the PHRA.

66. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I**
**SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

67. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

68. Plaintiff is a member of protected classes in that she is female.

69. Taken together, the acts outlined above constitute a hostile work environment based on sex.

   a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female;

   b. Such discrimination was severe and/or pervasive.

   c. Such discrimination detrimentally affected Plaintiff; and

8

    d.   Such discrimination would have detrimentally affected a reasonable woman in Plaintiff's position.

70. The unlawful employment practices outlined above were intentional.

71. Plaintiff suffered tangible employment actions alleged herein, to include, but not necessarily be limited to, her termination.

72. Defendant knew or reasonably should have known of the sexual harassment.

73. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

74. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II
## SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## PENNSYLVANIA HUMAN RELATIONS ACT

75. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

76. The foregoing conduct created a sexually hostile work environment for Plaintiff.

77. Plaintiff suffered intentional discrimination because of her sex.

78. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

79. Defendant knew or should have known of the sexual harassment.

80. The discrimination detrimentally affected Plaintiff.

81. Plaintiff suffered tangible employment actions as alleged herein, to include, but not necessarily be limited to, termination.

9

82. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

83. Defendant knew or reasonably should have known of the sexual harassment.

84. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

85. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, M.A., a minor by and through her mother and natural guardian Cherill Archer, requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j)    Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)      Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)      Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: July 23, 2026      **By:**    **/s/ David M. Koller**
                                David M. Koller, Esquire (90119)
                                Jordan D. Santo, Esquire (320573)
                                2043 Locust Street, Suite 1B
                                Philadelphia, PA 19103
                                215-545-8917
                                davidk@kollerlawfirm.com
                                jordans@kollerlawfirm.com

                                *Counsel for Plaintiff*

11